UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JEANNIE YOUNG and ANTHONY YOUNG, ) <br> ) <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> CREDIT BUREAU, INC., TRANSUNION LLC, ) <br> and INDEPENDENT BANK, ) <br> ) <br> Defendants. ) | No. 3:04-CV-296 <br> (VARLAN/SHIRLEY) |

**ORDER**

This matter came before the undersigned on August 4, 2005, upon a conference call from the parties regarding a discovery dispute. Participating in the phone call was attorney Daniel Kidd representing the plaintiffs and attorney John Cento representing the remaining defendant, Trans Union, LLC. The dispute was twofold and involved the defendant's request to re-depose the plaintiffs and the plaintiffs' objection to the same, coupled with the plaintiffs' request to conduct depositions of Trans Union's representatives prior to the plaintiffs being re-deposed for a second time.

With regard to the first issue, the defendant contends that during the first deposition of the plaintiffs questions were asked regarding certain matters and certain documents were requested and that these documents were provided after the deposition. Defendant's attorney contends that he needs to re-depose the plaintiffs briefly, no more than one hour each, with regard to damages only, and based solely on these new documents provided. The plaintiffs' attorney nonetheless objects to this request contending that the plaintiffs previously provided documents and information with their initial disclosures, including their theory of damages. They subsequently

provided responses to written discovery without any objection or complaint or motion to compel being filed by the defendant. Furthermore, they each participated in one full day of depositions and have provided follow-up documents as requested. Plaintiffs contend that any failure to seek these documents prior to the deposition involved a shortcoming of the defendant's discovery request or preparation and plaintiffs object to the inconvenience, cost and expense that such second deposition would have on them.

The Court notes that the plaintiffs apparently did make initial disclosures and did provide a statement of their theory of damages which the Court takes as consistent with that proffered during the hearing on this dispute since there was no objection or contrary position noted. The Court also finds that the defendant did conduct written discovery and receive responses from the plaintiffs. The defendant did not and has not filed a motion to compel. The defendant further conducted oral depositions for a full day with each plaintiff and subsequently received additional documents from the plaintiffs following the depositions. The Court feels that in light of the plaintiffs' prior damage disclosure and the nature of the claim the defendant was on sufficient notice of the plaintiffs' claim for damages and could have and should have been more specific with regard to document requests. The Court notes parenthetically that requests in the nature of "produce any and all documents which support your claim" are not looked on very favorably by this Court in that they are usually the subject of numerous objections and most of which are well-taken. However, in this matter, the plaintiffs' claim that the defendants' errors and omissions led to a "domino effect" of events that resulted in broad damages, apparently including the inability to pay their debts and the wife having to return to work, and it appears that the plaintiffs were unable to directly answer certain questions in their initial depositions which they may now be able to answer more directly in

2

light of the recently produced documents. Thus it appears that the defendant should be entitled to the requested brief follow-up with each plaintiff regarding these new documents. However, in balancing the equities in this case, it does not appear to the undersigned that the plaintiffs should be forced to incur any additional loss or expense for this requested supplemental deposition by the defendant. However, defense counsel repeatedly refused to pay the plaintiffs for even one hour of lost work that they would necessarily incur during this supplemental deposition. Accordingly, the Court will permit the defendant to re-depose the plaintiffs on the following conditions:

1. That the deposition of each plaintiff will be limited to no more than **one (1) hour**.

2. The depositions will be limited to questions regarding damages only and limited to questions regarding the documents provided following the first depositions.

3. The depositions will be conducted either so as to conclude by 7:30 in the morning or to begin after 5:30 in the evening or on Saturday.[1]

4. The plaintiffs' supplemental depositions will be taken after the plaintiffs' attorney has deposed the defendant's representative. (This also dispenses with the plaintiffs' request regarding the sequence of depositions.)

---

[1]Obviously, these times are being provided so as to prevent the plaintiffs from losing time from work in light of the defendant's refusal to pay for an hour's lost wage. Although the Court notes that the defendant's attorney will obviously have to travel for these depositions, if he intends to take them in person, and despite the likelihood that the defendant's attorney would fly in the night before the deposition and incur the cost of room and board in order to avoid the host wage expense and to take a morning deposition, rather than pay one hour of the plaintiff's wages, out of an abundance of caution the Court is providing those morning hours as well. Furthermore, if defendant changes its mind and opts to take the discovery deposition of plaintiffs during regular work hours, it may do so but will necessarily have to pay each plaintiff for the time missed from work.

5. The parties are to meet and confer and within the next **ten (10) days** agreed upon a date, time and place for the plaintiff's deposition to take place.

**IT IS SO ORDERED**.

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

4